


**Superior Court of the District of Columbia**
SECRETARY DIVISION
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

*2014 JAN 22*

Christopher Lyons
_____
Plaintiff

**13 - 0008057**

vs.

Case Number _____

District of Columbia
_____
Defendant

Serve on: Mayor of the District of Columbia
1350 Pennsylvania Ave NW S.316
Washington DC 20004

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Morris E. Fischer, Esq.
_____
Name of Plaintiff's Attorney

1400 Spring St., Suite 350
_____
Address

Silver Spring, MD 20910
_____

_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date   12/3/13

如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction       Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                 CASUM.doc

## IN THE SUPERIOR COURT OF
## THE DISTRICT OF COLUMBIA

CHRISTOPHER LYONS,     )
     )
     Plaintiff,     )     Case No.     **13 - 0 0 0 8 0 5 7**
     )
     )
THE DISTRICT OF COLUMBIA     )
Department of Public Works     )
     )
     Defendant,     )
_____)

> **RECEIVED**
> **Civil Clerk's Office**
> DEC 0 3 2013
> Superior Court of the
> District of Columbia
> Washington, D.C.

## COMPLAINT

Plaintiff Christopher Lyons, by way of his attorney, Morris E. Fischer, Esq., hereby states

the following complaint, on information and belief formed after reasonable inquiry under the

circumstances, against Defendant:

## PARTIES

1.     Plaintiff, Christopher Lyons ("Plaintiff"), was at all times relevant hereto an employee of

the District of Columbia, Department of Public Works.

2.     Defendant, the District of Columbia, Department of Public Works ("DPW") is the

District of Columbia.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 42 U.S.C. §2000e; D.C. False

Claims Act, D.C. Code §§2-381.01 *et seq*, and the D.C. Whistleblower Protection Act; 1-615-51,

*et seq.*

4.     At times relevant to this case, Defendant has been engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 42 U.S.C. Sec 2000(b).

5.     Venue is vested in this Court, since the facts giving rise to this case took place in the District of Columbia.

6.     Plaintiff's state law claims are so related to Plaintiff's original federal claims as they form part of the same case or controversy under Article II of the United States Constitution.

7.     Plaintiff has satisfied all administrative prerequisites to this filing.

## FACTS

8.     Plaintiff is a Caucasian male.

9.     Plaintiff has extensive experience as a "fleet manager."

10.    Fleet management involves the organization, distribution, inventory and financial modeling of automobile and fleet vehicles for operations and organizational purposes.

11.    Plaintiff was recruited by Defendant, D.C. Department of Public Works (DPW).

12.    At the time DPW recruited Plaintiff, Plaintiff was living and working as a Fleet Manager in the Salt Lake City, Utah area.

13.    On December 19, 2011 DPW made a formal offer of employment to Mr. Lyons.

14.    The position offered was the Deputy Administrator (Fleet), MS-0301-15.

15.    Plaintiff's annual salary at this position was $120,000.  Plaintiff's first day of employment was January 17, 2012.

16.    Plaintiff was appointed in a "management supervisory service appointment."

17.    In January 2012 when Plaintiff arrived he reported to Von Trimble, Fleet Administrator and Bill Howland, Director of DPW.

18.    Mr. Trimble was hired approximately around the same time as Mr. Lyons.

19.    Mr. Howland, Director, has been in the position for a number of years prior to Plaintiff arriving.

20.    Mr. Howland is African American.

21.    At the time that Plaintiff arrived all of the employees in fleet were African American.

22.    Plaintiff was the only White supervisor in DPW and the first white supervisor in Fleet.

23.    Also, at the time that Plaintiff and Von Trimble were hired to oversee fleet management, Fleet was looking to increase fleet performance.

24.    For example, the target performance metrics for fleet, categorized in various sections, e.g., "% of schedule PM appointments completed within 1 business day (light equipment) had a target completion rate of 95% for FY 2011.  The "reported" actual performance for FY 2011 was 94.46%.

25.    After Plaintiff and Von Trimble arrived at Fleet, Director Howland indicated that he would like to see the fleet repair shop have repair time similar to that in the private market, i.e., same day service of equipment.

26.    Approximately a month after Plaintiff arrived, Plaintiff and Von Trimble had a "fleet meeting" with the mechanics and supervisors that  would be reporting to Plaintiff and Von Trimble.

27.    This meeting took place in March, 2012.

28.    All the employees present at the meeting (except Plaintiff) were African American.

29.    At the meeting Plaintiff was at the front of the room addressing the mechanics and supervisors.

30.     While Plaintiff was speaking, several African American mechanics called Plaintiff "cracker" and "white *boy*" both racially derogatory terms.

31.     The mechanics made other racially discriminatory comments about Plaintiff at that meeting.

32.     These comments were heard by Kwelli Sneed (African American).

33.     Ms. Sneed works in the DPW HR department.

34.     The day after the meeting Ms. Sneed sent the following email to Mr. Lyons's supervisor:

   Good Morning Von-

   I briefed Bill on my observations of your Fleet meeting yesterday, including the racisms that exists within your group and specifically the racial references to Chris Lyons.  I just wanted to inform you prior to you meeting with Bill. Thanks.

35.     Ms. Sneed later lied to an EEO investigator and claimed that she never saw "racial references."

36.     Following this meeting, between March 2012 and August 2012, Plaintiff was repeatedly called "*white boy*" and referred to as that "big white guy."

37.     Plaintiff considered both of these phrases to be racially derogatory.

38.     Plaintiff observed this as did Subrena Walker, Harry Carol, Tom Liddell  (DC employees) among others.

39.     The racial remarks about Plaintiff were constant and Plaintiff was constantly referred to as "white boy" and "cracker."

40.     When Plaintiff brought this to the attention of Plaintiff's second level supervisor, Bill Howland (African American); Mr. Howland refused to discipline these employees because he "liked them."

41.     Plaintiff also parked his truck in the secure DPW facility.

42.     When Plaintiff parked his truck in the assigned parking spot, African American mechanics and supervisors would spit on Plaintiff's truck, throw paint and other refuse on the truck and do damage to the truck.

43.     Furthermore, the African American Mechanics filed false complaints about Plaintiff with the Union.  These claims were found to be without merit.

44.     Upon information and belief, the reason that these complaints were filed is that Plaintiff's subordinates did not like working for a Caucasian manager.

45.     In reality, the subordinates complaints had nothing to do with Plaintiff's ability or performance as a manager.

46.     Plaintiff was shadowed by African American mechanics that would follow him around and intimidate Plaintiff.

47.     Plaintiff's immediate supervisor, Mr. Trimble, witnessed this and believed that it was motivated by race.

48.     In August 2012, Director Howland terminated Plaintiff.

49.     Director Howland was motivated by Plaintiff's race.

50.     Director Howland terminated Plaintiff, in part because, than address the African American mechanics and supervisors that were harassing Plaintiff because of his race, Director Howland determined that he would rather remove the white administrator (Plaintiff) than discipline or correct the discriminatory behavior.

51.     Director Howland notified several of the African American mechanics and supervisors that he would be terminating Plaintiff before Plaintiff was terminated.

52.     On the day that Plaintiff was terminated, Plaintiff walked to his office door.

53.     On Plaintiff's office door were a number of derogatory signs written by the supervisors and mechanics.

54.     Plaintiff grabbed one of the signs as he was leaving the office.

55.     The Sign said "Get Out White Boy." (Ex. 1).

56.     The sign was written by one of Plaintiff's employees.

57.     The employee that wrote the sign had advanced knowledge of Plaintiff's termination.

58.     Upon information and belief the African American employees requested Mr. howland to terminate Plaintiff based on the fact that Plaintiff is a White Supervisor and the African American employees did not want a White Supervisor.

### FACTS REVEALED FOLLOWING PLAINTIFF'S TERMINATION

59.     Director Howland told Plaintiff he was being terminated but that it was "not performance related."

60.     At the time Plaintiff was terminated he did not know why he was being terminated.

61.     The Office of Director issued Plaintiff a termination letter indicating that he was being terminated as an "at-will management Supervisory employee."

62.     When Plaintiff was terminated he believed that it had been because of his race and complaints of race discrimination.

63.     Defendant did not provide Plaintiff with any response about why Plaintiff was being terminated until after Plaintiff filed a charge with the D.C. Office of Human Rights.

64.     Plaintiff filed an internal complaint with the DC internal EEO office – which Plaintiff followed up by filing a complaint with the DCOHR office.

65.     On January 11, 2013 Plaintiff received a synopsis of the Department's position statement regarding the reasons that Plaintiff was terminated.  This was the first time that Plaintiff was aware of the reasons that the Department had terminated him.

66.     The Department indicated that Plaintiff had been terminated because the percentages of metrics had "fell far short of their targets."   Additionally, Defendant stated that prior to Plaintiff's arrival the percentage performance had far exceeded the numbers reported by Plaintiff and that this was the reason that Plaintiff was terminated.

67.     According to Defendant's position, in 2011 and 2012 Fleet was looking to increase fleet performance.

68.     For example, the target performance metrics for fleet, categorized in various sections, e.g., "% of schedule PM appointments completed within 1 business day (light equipment) had a target completion rate of 95% for FY 2011.  The "reported" actual performance for FY 2011 was 94.46%.

69.     Defendant reported the following Target and Percentages for FY 2011 and FY 2012:

|  | Target | Actual | Target | Actual |
|---|---|---|---|---|
| % of schedule PM appointments completed within 1 business day (light equipment) | 95% | 94.46% | 95% | 63.29% |
| % Sweeper Shop repairs completed within 72 hours | 95% | 87.70% | 95% | 68.28% |
| % Medium/heavy shop repairs completed within 72 hours | 95% | 80.13% | 95% | 51.33% |
| % Packer Shop repairs completed within 72 hours | 95% | 84.88% | 95% | 82.55% |
| % Light Shop repairs completed within 24 hours (excluding engine, transmission & body work) | 95% | 63.46% | 95% | 48.92% |

70.     Plaintiff and Von Trimble reported low numbers because Plaintiff had identified reporting fraud, waste, and inaccuracies in the FY 2011 and prior numbers that Fleet was reporting.

71.     Plaintiff and Von Trimble reported this to Plaintiff's supervisor, Bill Howland.

72.     Plaintiff gave several presentations to Director Howland describing how Fleet had misreported the prior numbers and explaining why the early metrics for FY 2012 were lower than FY 2011 metrics.

73.     Director Howland consistently gave Plaintiff positive feedback on his work.

74.     Additionally, Director Howland expressed approval of Plaintiff's reporting of the correct numbers for the Fleet equipment.

75.     At the time Plaintiff was terminated, Director Howland did not express anything to Plaintiff that Plaintiff's reporting of the accurate numbers.

76.     On August 6, 2012 Plaintiff made a presentation to Director Howland regarding the aging fleet, the reporting of the numbers, work order costs, productiveness and costs of accidents.

77.     Director Howland expressed approval to Plaintiff regarding his presentation.

78.     However, when the Agency revealed it's reasons for terminating Plaintiff on January 11, 2013 Plaintiff became aware of the retaliatory nature of Plaintiff's termination because the Agency stated that based on Plaintiff's presentation Mr. Howland formed the belief that Plaintiff should be terminated.

79.     Additionally, Plaintiff became aware of the retaliatory nature of Plaintiff's termination after the January 11, 2013 Defendant because Defendant described the reason Plaintiff was terminated because Plaintiff reported the low numbers in FY 2012.  Plaintiff reporting these numbers was protected activity because the numbers reflected the waste fraud and abuse that was going on in Defendants Fleet program prior to Plaintiff's arrival.

80.     Plaintiff was aware for the first time of the retaliatory nature of Defendant's termination in violation of the D.C. False Claims Act and DC Whistleblower Protection Act when Defendant

revealed that Defendant terminated Plaintiff because the numbers he reported were low and that the numbers from previous years were correct numbers and indicated high performance.

81.     The reason the numbers were low – and the reason that Plaintiff was terminated – was because Plaintiff and Von Trimble had uncovered the fact that previous numbers had been inflated and reported to the DC Government.  Because Plaintiff reported the low numbers and shed light on the gross waste, fraud and mismanagement at Fleet, Plaintiff was terminated.

82.     Plaintiff discovered that the termination was retaliatory on or after January 11, 2013 when the Department disclosed Based on the Departments statements regarding the percentages that Plaintiff and Mr. Von Trimble had reported to the Director, Plaintiff believed that his discharge was retaliatory.

83.     Additionally, in approximately March 2013 Plaintiff became aware of a D.C. Office of Inspector General report regarding improper fleet management of and government misreporting of Fleet vehicles.

84.     Plaintiff realized that these were the same issues that Plaintiff had been reporting and that Plaintiff was terminated for reporting.

85.     Defendant has continued to retaliate against Plaintiff by refusing to hire Plaintiff in Fleet positions and other DC government positions.

86.     In April 2013 Plaintiff applied for and was rejected from a position from DC DDOT. Upon information and belief, Director Howland retaliated against Plaintiff by ensuring Plaintiff did not receive this position.

87.     Between April 2013 and present Plaintiff applied for and was rejected for a number of positions with the D.C. Government because of Director Howland's actions.

88.     Plaintiff was qualified for these position and but for Defendant's retaliation Plaintiff would have been hired into these positions.

## Count I

### Race Discrimination in Violation of Title VII, 42 U.S.C. §2000e *et seq.*

89.     Plaintiffs hereby adopts all aforesaid paragraphs as if fully reproduced herein.

90.     Plaintiffs is a member of a protected class.  (Non-Caucasian Minorities)

91.     Plaintiffs suffered adverse employment actions.

92.     Plaintiffs was terminated.

93.     Plaintiffs' termination give rise to an inference of discrimination.

94.     Defendants were motivated in whole or in part by Plaintiffs' race.

95.     Plaintiff has suffered substantial economic and compensatory damages as a result of Defendants actions.

96.     Plaintiff has also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, depression, insomnia, and other damages as a direct result of Defendant's acts and omissions.

## Count II

### Retaliation in Violation of Title VII, 42 U.S.C. §2000e *et seq.*

97.     Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

98.     Plaintiff is a member of a protected class.  (Non-Caucasian Minorities).

99.     Plaintiff made protected complaints about racial discrimination and racially discriminatory employment practices to Plaintiff's supervisor, Von Trimble, to Plaintiff's second line supervisor, Director Howland, and to Defendant's EEO officer, Kwelli Sneed.

100.   Plaintiff had a reasonable belief that Plaintiff was subject unlawful discrimination when Plaintiff was called "white boy" "cracker" "white guy," when Plaintiff had his car vandalized when Plaintiff was followed and intimidated by employees, when Plaintiff had grievances filed by African American employees and when Plaintiff attempted to terminate African American employees and was prohibited from taking any action by Director Howland.

101.   Plaintiff suffered adverse employment actions.

102.   Plaintiff was terminated.

103.   Plaintiffs' termination give rise to an inference of retaliation.

104.   Defendants were motivated in whole or in part by Plaintiff's protected complaints.

105.   Plaintiff has suffered substantial economic and compensatory damages as a result of Defendants actions.

106.   Plaintiff has also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, depression, insomnia, and other damages as a direct result of Defendant's acts and omissions.

### Count III – Retaliation in Violation of the D.C. False Claims Act

107.   Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

108.   Defendant made false records and statements regarding Fleet vehicle inventory and work done by DC vendors and outside vendors for payment from the DC Government.

109.   Plaintiff made protected disclosures in furtherance of a claim about vendor fraud, vendors holding vehicles beyond the time indicated on payment tickets, ticket reporting violations, false inventories;

110.   Defendant's actions resulted in improper payment.

111.   Defendant had knowledge of Plaintiff's protected disclosures.

112.    There is a causal connection between Plaintiff's protected disclosures and Plaintiff's termination.

**COUNT IV –**
**Retaliation in Violation of the D.C. WHISTLE BLOWER PROTECTION ACT**
**D.C. CODE SECTION 1-615-51 et seq.**

113.    Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

114.    Plaintiff, at all times relevant to this complaint, was an employee that made protected disclosures to his supervisor.

115.    Plaintiff complained to his supervisor about instances waste, fraud and abuse, potential corruption, ethics violations, potential wage and hour violations and other similar activity.

116.    Plaintiff discovered that the termination was retaliatory after January 11, 2013 when the Defendant disclosed its reasons for terminating Plaintiff.

117.    As a result of Defendant's actions, Plaintiff was terminated.

118.    As a result of Defendant's actions, Plaintiff suffered significant economic harm in the form of loss of employment, loss of salary, loss of employment opportunities, damage to professional reputation, substantial and significant mental and emotional distress.

119.    Defendant were motivated in whole or in part by Plaintiff's protected activity

120.    Plaintiff has also suffered Plaintiff has also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, depression, insomnia, and other damages as a direct result of Defendant's acts and omissions.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff demands:

A       In the first cause of action, judgment against Defendant for an amount of backpay, frontpay, punitive damages, compensatory damages attorneys fees and costs.

12

B.      In the second cause of action, judgment against Defendant for an amount of backpay,

frontpay, punitive damages, compensatory damages attorneys fees and costs.

C.      In the second cause of action, judgment against Defendant for an amount of backpay,

frontpay, punitive damages, compensatory damages attorneys fees and costs.

D.      In the second cause of action, judgment against Defendant for an amount of backpay,

frontpay, punitive damages, compensatory damages attorneys fees and costs.

Respectfully Submitted,

Morris E. Fischer, Esq.
DC Bar No. 490369
1400 Spring Street
Suite 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
Attorney for Plaintiff

13

## JURY DEMAND

Plaintiff herein demands a jury for all issues to be tried in this case.

Respectfully Submitted,

Morris E. Fischer, Esq.
DC Bar No. 490369
1400 Spring Street
Suite 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
   Attorney for Plaintiff

14

EX. P + Complaint

RECEIVED
NOV 1 8 2013
BY: .......TAG.....

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  Christopher Lyons
C/O Daniel Kenney, Esq.,
Morris E. Fischer, LLC
1400 Spring Street, Suite 350
Silver Spring, MD 20901

From:  Washington Field Office
131 M Street, N.E.
Suite 4NW02F
Washington, DC 20507

| | | |
|---|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10C-2013-00027 | David Gonzalez, State & Local Coordinator | (202) 419-0714 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Mindy G. Weinstein

November 15, 2013

Enclosures(s)

Mindy E. Weinstein,
Acting Director

(Date Mailed)

cc:

DC DEPARTMENT OF PUBLIC WORKS
2000 14th Street, Nw
Washington, DC 20009

Enclosure with EEOC
Form 161-B (11/09)

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within
90 days of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

*Christopher Lyons*

vs

*District of Columbia*

Case Number: _____

Date: **12/3/13**

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* **Morris Fischer** | Relationship to Lawsuit |
| Firm Name: **Law Office of Morris Fischer** | ☑ Attorney for Plaintiff |
| Telephone No.: **301 328 7631**   Six digit Unified Bar No.: **490369** | ☐ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury      ☐ 6 Person Jury      ☑ 12 Person Jury

Demand: $ **1,000,000.00**                Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

NATURE OF SUIT:      *(Check One Box Only)*

**A. CONTRACTS**                                        **COLLECTION CASES**

☐ 01 Breach of Contract        ☐ 07 Personal Property         ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty        ☐ 09 Real Property-Real Estate  ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 12 Specific Performance       ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees     ☑ 13 Employment Discrimination  ☐ 18 OVER $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile            ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion            ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process          ☐ 09 Harassment               ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection    ☐ 10 Invasion of Privacy              Not Malpractice)
☐ 03 Assault and Battery        ☐ 11 Libel and Slander         ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference    ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution     ☐ 20 Friendly Suit
☐ 06 False Accusation           ☐ 14 Malpractice Legal         ☐ 21 Asbestos
☐ 07 False Arrest               ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                      ☐ 16 Negligence- (Not Automobile,  ☐ 23 Tobacco
                                     Not Malpractice)           ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐   IF USED

CV-496/May 13

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)

- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (DC Code § 16-4401)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation
  Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation
  Over $25,000
- ☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_Monis Fischer /pr_
_____
Attorney's Signature

_12/3/13_
_____
Date

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| Christopher Lyons |
|---|

*Plaintiff*

**vs.**

Civil Action No. _____

| District of Columbia |
|---|

*Defendant*

Serve on:
Mayor of the District of Columbia
1350 Pennsylvania Ave, NW Suite 316
Washington DC 20004

**SUMMONS**

To the above named Defendant:

  You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

  You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Morris E. Fischer, Esq. |
|---|

Name of Plaintiff's Attorney

| 1400 Spring Street #350 |
|---|

Address

| Silver Spring, MD 20910 |
|---|

By _____
      Deputy Clerk

| |
|---|

Telephone

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93      **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

**CA Form 1**

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| Christopher Lyons |
|---|

*Plaintiff*

**VS.**

| District of Columbia |
|---|

*Defendant*

Serve on:
Attorney General of the District of Columbia
441 4th Street, NW
Washington, DC 20001

Civil Action No. [ ]

**SUMMONS**

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Morris E. Fischer, Esq. |
|---|

Name of Plaintiff's Attorney

| 1400 Spring Street #350 |
|---|

Address

| Silver Spring, MD 20910 |
|---|

| |
|---|

Telephone

By _____
              **Deputy Clerk**

Date [ ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

CHRISTOPHER LYONS
 Vs.           C.A. No.  2013 CA 008057 B
THE DISTRICT OF COLUMBIA

### <u>INITIAL ORDER AND ADDENDUM</u>

  Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **<u>ORDERED</u>** as follows:

  (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

  (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order.  As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

  (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

  (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **<u>prior</u>** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

  (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **<u>once</u>**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

  (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

             Chief Judge Lee F. Satterfield

Case Assigned to:  Judge JOHN M MOTT
Date:   December 3, 2013
Initial Conference: 10:00 am, Friday, March 07, 2014
Location:   Courtroom 221
      500 Indiana Avenue N.W.
      WASHINGTON, DC  20001            Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

*Christopher Lyons*
_____
                    Plaintiff

vs.                                          **13 - 0 0 0 8 0 5 7**

                                             Case Number _____

*District of Columbia*
_____
                    Defendant

*Serve on: Attorney General of the District of Columbia. 441 4th Street, NW* **SUMMONS**

To the above named Defendant: *Washington, DC 20001*

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Morris E Fischer, Esq.*
_____          *Clerk of the Court*
**Name of Plaintiff's Attorney**

*1400 Spring Street  Suite 350*
_____          By _____
**Address** *Silver Spring, MD 20910*                          **Deputy Clerk**

_____

_____          Date _____ *12/3/13*
**Telephone**

如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction       Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    **IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                    CASUM.doc